(Superior Court, Cincinnati, Special Term.)

RICE et al. v. WOLFF et al.

---

Heard on motion for a new trial.

*Unreasonable delay in offering to return goods seized by attachment in a suit afterward settled.*

---

SMITH, J.

Since the trial of the case was had, I have carefully examined the rulings made upon the trial, and I am entirely satisfied that such rulings were correct, and that the case presents no error upon the trial which would entitle the plaintiffs to a new trial.

The sole remaining question therefore to be considered is, whether the verdict was contrary to the weight of the evidence. The jury were instructed that unless they found that the defendants-within a reasonable time after January 3, 1891, the date of the agreement to waive their rights under the attachment—had offered to return the attached property, the plaintiffs were absolved from their obligation to receive it, and were entitled to receive damages for such failure to

return the goods. These damages would be the value of the goods as to the time when they would have been returned. The verdict of the jury finding for plantiffs for the amount in the hands of Leatherman, with interest, necessarily shows upon its face that in their judgment the offer to return the goods was made within a reasonable time. Was this finding against the weight of the evidence?

It appears that the offer to return was not made until May, 1891. But the bringing of the action on the indemnity bond on February 20, 1891, would, in my opinion, have sufficiently justified the defendants in not returning the goods after that time, while such suit was pending, because the bringing of such an action was virtually a disclaimer of the right to insist upon a return of the goods But up to the time of the bringing of this action, February 20, the defendants had not offered to return the goods.

Was this delay, as as a matter of fact, unreasonable? It would require, at the most, but a few days for a Cincinnati firm, who, by their attorneys in Arkansas, had levied an attachment. to communicate to such attorneys that the controversy had been settled, and that the goods should be returned, and it would require but a few hours for such attorneys to pay the costs and release the attachment. But in place of releasing the attachment within a few days, the defendant's delay at least until February 2—nearly two months. It seems to me that in the absence of any explanation for this delay, the verdict of the jury to the effect that the offer was made within a reasonable time can not be sustained. I must also take into consideration that the goods were winter goods, and that the time of nearly two months was time lost when these goods were most salable. Every presumption, therefore, is unfavorable to the claim of defendants that a delay until February 20, was reasonable, and I am, therefore, of the opinion that upon the record as presented here the verdict is not sustained by the evidence, and must be set aside and a new trial granted.

Wilby & Wald, for plaintiffs; Kramer & Kramer, for defendants.